**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWEST DIVISION**

| | |
|---|---|
| STATES OF NORTH DAKOTA, SOUTH DAKOTA NEVADA, AND TEXAS, <br><br> Plaintiffs, <br><br> v. <br><br> REGINA MCCARTHY, in her official Capacity as Administrator of the United States Environmental Protection Agency, <br><br> Defendant. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br> **CIVIL ACTION NO. _____** |

**INTRODUCTION**

1. The States of North Dakota, South Dakota, Nevada and Texas file this suit to compel the Administrator of the U.S. Environmental Protection Agency ("**Administrator**" or "**EPA**"), to take action mandated by the federal Clean Air Act, 42 U.S.C. §§ 7401 et seq. (the "**CAA**") to designate areas of the country as attaining or not attaining the revised primary sulfur dioxide ("$SO_2$") National Ambient Air Quality Standard ("**NAAQS**"). On June 2, 2010 the Administrator signed and EPA promulgated the revised $SO_2$ NAAQS. *See* 75 Fed. Reg. 35,520 (June 22, 2010) (the "**$SO_2$ NAAQS**"). Once EPA sets a new or revised NAAQS, the CAA requires States to submit within one year to EPA information indicating which part of that State meets the new or revised NAAQS. 42 U.S.C. § 7407(d). Plaintiffs the States of North Dakota, South Dakota, Nevada and Texas each timely submitted to EPA their proposed designations. The CAA then establishes a nondiscretionary duty for the Administrator to designate all areas of the country as (1) "attainment" (if they are attaining the new or revised NAAQS), (2) "nonattainment" (if they are not attaining the NAAQS), or (3) "unclassifiable" (if there is inadequate information to make a designation). EPA must make such designations within three years from the date that the $SO_2$ NAAQS was

promulgated. 42 U.S.C. § 7407(d)(1)(B)(i). The Administrator has failed to meet the three-year statutory deadline, thereby violating her nondiscretionary duties under the CAA and harming Plaintiffs who must implement the $SO_2$ NAAQS in their States.

## JURISDICTION, NOTICE AND VENUE

2. This action arises under CAA 42 U.S.C. §§ 7401 et seq. This Court has jurisdiction over Plaintiffs' claims pursuant to 42 U.S.C. § 7604(a) and 28 U.S.C. §§ 1331, 1361. The relief requested by Plaintiffs is authorized pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 2201, 2202 and 1361.

3. By certified letter posted July 3, 2013, Plaintiffs the States of North Dakota, South Dakota, Nevada and Texas provided the Administrator with written notice, in the form and manner required by 42 U.S.C. § 7604(b) and under 40 C.F.R. §§ 54.2, 54.3, of the Administrator's failure to perform nondiscretionary duties under the Act as complained of herein and the States' intent to commence this action. More than 60-days have passed since the States gave such notice and the Administrator has continued her failure to perform such nondiscretionary duties.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because: a) Plaintiff the State of North Dakota resides in this district; b) the district is one in which Defendant performs its official duties; and c) a substantial part of the events and omissions giving rise to this claim has occurred and is occurring in this district because EPA has failed to designate any area in North Dakota as attainment or nonattainment with the $SO_2$ NAAQS.

5. Pursuant to D.N.D. Gen. L.R. 3.1(A), this case is properly assigned to the Southwestern Division of this Court because Plaintiff North Dakota resides in Bismarck, North Dakota and a substantial part of the events and omissions giving rise to this claim has occurred and is occurring in this district.

**PARTIES**

6.  The State of North Dakota, through its Department of Health ("**NDDH**"), implements and enforces the State's various environmental regulatory programs. Specifically, the NDDH oversees the State's permitting programs for stationary sources under Titles I and V of the federal CAA, which includes the requirement that North Dakota submit a state implementation plan ("**SIP**") specifying the manner in which it will achieve and maintain the $SO_2$ NAAQS. CAA § 107(a).

7.  North Dakota has complied with its duties under § 107(d)(1)(A) and submitted to the Administrator its $SO_2$ NAAQS designations for all areas within its jurisdiction. In particular, utilizing data gathered from North Dakota's extensive network of ambient air quality monitoring sites located across the State, the NDDH submitted to EPA on May 25, 2011, $SO_2$ ambient monitoring data that demonstrate compliance in all areas of the State with the $SO_2$ NAAQS. Based on the existing $SO_2$ ambient monitoring data collected by the NDDH, the State recommended to EPA that the entire State of North Dakota be designated as attainment for the $SO_2$ NAAQS. EPA has failed to act on North Dakota's recommendation that the entire State be designated as attainment.

8.  The State of South Dakota has complied with its duties under §107(d)(1)(A) and submitted to the Administrator its $SO_2$ NAAQS designations for all areas within its jurisdiction. In particular, the South Dakota Department of Environment and Natural Resources ("**SDDENR**") submitted on June 2, 2011 its recommendation that EPA designate all counties in South Dakota as attaining the 1-hour $SO_2$ standard. South Dakota included a technical analysis of the results of monitoring $SO_2$ across the State, utilizing data gathered from South Dakota's network of ambient air quality monitoring sites located in several counties around the State chosen based on concentration of $SO_2$ emitting sources, population density, specific source impact, or reflecting background and regional transport data. EPA has failed to act on South

Dakota's recommendation that all counties in South Dakota be designated as in attainment for the $SO_2$ NAAQS.

9.    The State of Nevada, through its Department of Conservation and Natural Resources, Division of Environmental Protection ("**NDEP**") implements and enforces the State's various environmental regulatory programs. Specifically, the NDEP oversees the State's permitting programs for stationary sources under Titles I and V of the federal CAA, which includes the requirement that Nevada submit a SIP specifying the manner in which it will achieve and maintain the $SO_2$ NAAQS. CAA § 107(a).

10.    The State of Nevada has complied with its duties under § 107(d)(1)(A) and submitted to the Administrator its $SO_2$ NAAQS designations for all areas within its jurisdiction. On May 3, 2011, the NDEP, on behalf of the Governor, sent to U.S. EPA its proposed air quality designations for the State of Nevada for the 2010 revision to the $SO_2$ national ambient air quality standard.  There are three area designations allowed under the Clean Air Act:  attainment, for those areas in attainment with the federal air pollution standards; non-attainment, for those areas failing to meet the standard; and unclassifiable, for those areas where monitoring has not been required because the level of pollution is expected to be too low to warrant monitoring.  For the new 1-hour $SO_2$ standard, even where monitors exist, no monitoring has been done because it is a new standard. Nevada's proposed designation was unclassifiable for the entire State. EPA has failed to act on Nevada's recommendation that the entire State be designated as unclassifiable.

11.    The State of Texas, through its Texas Commission on Environmental Quality ("**TCEQ**"), implements and enforces the State's various environmental regulatory programs.  Specifically, the TCEQ oversees the State's permitting programs for stationary sources under Title I of the federal CAA, which includes the requirement that Texas submit a SIP specifying the manner in which it will achieve and maintain the $SO_2$ NAAQS.  CAA § 107(a).

4

12. The State of Texas has complied with its duties under § 107(d)(1)(A) and submitted to the Administrator its $SO_2$ NAAQS designations for all areas within its jurisdiction. In particular, utilizing data gathered from Texas' extensive network of ambient air quality monitoring sites located across the State, the State of Texas submitted $SO_2$ ambient monitoring data to EPA on June 2, 2011 and April 20, 2012. Based on the existing $SO_2$ ambient monitoring data collected by the TCEQ, on April 20, 2012, the State recommended to EPA that Dallas, Ellis, El Paso, Galveston, Gregg, Harris, Jefferson, Kaufmann, McLennan and Nueces counties be designated as attainment and that all other Texas counties be designated as unclassifiable. EPA has failed to act on Texas' recommendations.

13. The acts and omissions of EPA alleged herein impair Plaintiffs' role and responsibility to make Title I and Title V permitting decisions and to enforce those permitting decisions based upon whether an area is in attainment or nonattainment of the $SO_2$ NAAQS. For example, stationary sources must be permitted by the States before they begin operation. Stationary sources are any facility or operation that "emits or may emit any air pollutant," including $SO_2$. 42 U.S.C. 7411(a)(3). Whether an area is designated by the Administrator as attainment or nonattainment for $SO_2$ will directly affect how a State proceeds with its permitting of a stationary source and what limitations may be placed on that source so as to ensure the States' compliance with the $SO_2$ NAAQS. Until EPA issues its $SO_2$ attainment designations, Plaintiffs – and the sources they regulate – live in great uncertainty. They face the prospect that at any time during the permitting process, EPA can take an area deemed "attainment" by the permitting state and deem it not to be attainment. That, in turn, will lengthen and complicate the overall permitting process, or even make permitting impossible.

14. Additionally, the acts and omissions of EPA alleged herein deprive Plaintiffs of their procedural rights and protections to which they would otherwise be

entitled, including, but not limited to, the right to judicially challenge final $SO_2$ designations that are contrary to the data submitted by the individual Plaintiffs to EPA.

15. For all the foregoing reasons, the acts and omissions complained of herein cause Plaintiffs injuries for which they have no adequate remedy at law. Granting the requested relief would redress these injuries.

16. Defendant Regina McCarthy is the Administrator of the United States Environmental Protection Agency. In that role, Administrator McCarthy has been charged by Congress with the duty to administer the Clean Air Act, including the mandatory duty to designate areas as attainment, nonattainment or unclassifiable with the $SO_2$ NAAQS as set forth in 42 U.S.C. § 7407(d)(1)(B)(i).

## LEGAL FRAMEWORK

17. The CAA requires EPA to set and to revise periodically national air quality standards that limit concentrations in the ambient air of certain pollutants, including $SO_2$. CAA §§ 108-110, 42 U.S.C. §§ 7408-7410. These "national ambient air quality standards" are supposed to be set at levels that protect the public health and welfare with an adequate margin of safety. CAA §§ 109(b), 42 U.S.C. §§ 7409(b).

18. Once EPA sets a new or revised ambient standard, the Act requires States to play a leading role in implementing that standard. In particular, under CAA § 107(d), 42 U.S.C. § 7407(d), within one year of EPA's setting of a new ambient standard, the governor of each state must submit to EPA information indicating which parts of that State meet that standard (designated "attainment areas"), which parts of the State do not meet the standard ("nonattainment areas"), and which parts of the State cannot be classified attainment or nonattainment because adequate data are not available to make a determination one way or another ("unclassifiable areas"). Based primarily upon the § 107(d) recommendations submitted by the States, EPA must then publish final "designations" of all areas as attainment, nonattainment, or unclassifiable.

19.     EPA must promulgate the designations of all areas (or portions thereof) submitted by each Governor under 42 U.S.C. § 7407(d)(1)(A), with such modifications as EPA deems necessary, "as expeditiously as practicable, but in no case later than two years from the date of promulgation of the new or revised [NAAQS]." 42 U.S.C. § 7407(d)(1)(B)(i). "Such period may be extended for up to one year in the event the Administrator has insufficient information to promulgate the designations." *Id.* If the Governor of a State "fails to submit the list" of designations required by 42 U.S.C. §7407(d)(1)(A) in whole or in part, 42 U.S.C. § 7407(d)(1)(B)(ii) requires the Administrator (as part of the action required by 42 U.S.C. §7407(d)(1)(B)(i)) to promulgate the designation that the Administrator deems appropriate for any area (or portion thereof) not designated by the State. 42 U.S.C. § 7407.

20.     Accordingly, EPA must promulgate designations for all areas of every State within three years after the promulgation of a new or revised NAAQS. 42 U.S.C. § 7407(d)(1)(B). These designations must be published by EPA in the Federal Register. 42 U.S.C. § 7407(d)(2).

21.     Upon EPA's failure to perform a non-discretionary duty, such as the duty to promulgate designations of all areas no later than three years from the date of the promulgation of a new or revised NAAQS, the CAA authorizes that any person, which includes a State, (42 U.S.C. §7602(e)), to bring suit to compel EPA to perform its nondiscretionary duty. 42 U.S.C. § 7604(a)(2).

## STATEMENT OF FACTS

22.     On December 8, 2009, EPA proposed to adopt a new, 1-hour $SO_2$ ambient air quality standard. 74 Fed. Reg. 64,810.

23.     On June 2, 2010, EPA's Administrator signed the final 1-Hour $SO_2$ rule. On June 3, 2010, EPA publicly distributed the rule. *See* 77 Fed. Reg. at 46,295 n.1. That made June 2, 2011 (or, under EPA's logic, June 3, 2011), the date by which states

had to submit to EPA their § 107(d) designation recommendations for the final rule. 75 Fed. Reg. 35520.

24.     On May 25, 2011, Governor Dalrymple submitted North Dakota's $SO_2$ designations to EPA, and requested that all areas of the State be designated as complying with the 1-hour $SO_2$ NAAQS.  Exhibit A.

25.     On June 2, 2011, Secretary Steven M. Pirner of the SDDENR submitted South Dakota's $SO_2$ designations to EPA, and requested that all counties in South Dakota be designated as attaining the 1-hour $SO_2$ NAAQS.  Exhibit B.

26.     On May 3, 2011, the NDEP, on behalf of the Governor, sent to EPA its proposed air quality designations for the State of Nevada for the 2010 revision to the $SO_2$ national ambient air quality standard, and requested that all areas of the State be designated as unclassifiable.  Exhibit C.

27.     On June 2, 2011, Governor Rick Perry submitted Texas' initial $SO_2$ designations to EPA.  Exhibit D.  On April 20, 2012, Governor Perry submitted Texas' revised recommendation for $SO_2$ designations.  Exhibit E.  Texas' revised recommendation requested that Dallas, Ellis, El Paso, Galveston, Gregg, Harris, Jefferson, Kaufmann, McLennan and Nueces counties be designated as attainment and that all other Texas counties be designated as unclassifiable. *See id.*

28.     On August 3, 2012, the Administrator announced that she would take an additional year to promulgate the $SO_2$ NAAQS designations, stating that "EPA is now required to complete initial designations for this NAAQS by June 3, 2013." Extension of Deadline for Promulgating Designations for the 2010 Primary Sulfur Dioxide National Ambient Air Quality Standard, 77 Fed Reg. 46,295 (August 3, 2012).  While the final $SO_2$ NAAQS rule was signed by the Administrator on June 2, 2010, EPA did not publicly distribute the rule until June 3, 2010. *See* 77 Fed. Reg. at 46,295 n.1. As such EPA has established June 3, 2013 as the date by which it was obligated under 42 U.S.C. § 7407(d)(1)(B)(i) to issue the $SO_2$ NAAQS designations for all areas of the United States.

29.     "[O]n or about February 7, 2013," EPA sent responses to the States and Tribes on the "designation recommendations for the 2010 Sulfur Dioxide National Ambient Air Quality Standard" that the States had submitted to EPA in mid-2011.  78 Fed. Reg. 17915 (March 25, 2013).

30.     In EPA's response letter to Governor Dalrymple dated February 6, 2013, EPA acknowledged that "the most recent monitored air quality data from 2009-2011 shows no violations of the 2010 $SO_2$ standard in any areas of North Dakota." Exhibit F at 1.  However, EPA then went on to say in its letter that it was "not yet prepared to propose designation action in North Dakota" and was, "therefore, deferring action to designate areas in North Dakota." Exhibit F at 1.

31.     EPA responded to the State of South Dakota by letter to its Governor, the Honorable Dennis Daugaard, on February 6, 2013.  EPA acknowledged that its "review of the most recent monitored air quality data from 2009-2011 shows no violations of the 2010 $SO_2$ standard in any areas in South Dakota."  Exhibit G at 1.  However, EPA then went on to say in its letter that it was "not yet prepared to propose designation action in South Dakota, and is, therefore, currently deferring action to designate areas in South Dakota."  Exhibit G at 1.

32.     EPA responded to the State of Nevada by letter to its Governor, the Honorable Brian Sandoval, on February 6, 2013.  EPA acknowledged that its "review of the most recent monitored air quality data from 2009-2011 shows no violations of the 2010 $SO_2$ standard in any areas in Nevada."  Exhibit H at 1.  However, EPA then went on to say in its letter that it was "not yet prepared to propose designation action in Nevada and is therefore currently deferring action to designate areas in Nevada." Exhibit H at 1.

33.     In EPA's response letter to Governor Perry dated February 7, 2013, EPA acknowledged that "EPA's review of the most recent monitored air quality data from 2009-2011 shows no violations of the 2010 $SO_2$ standard in any areas of Texas."

Exhibit I at 1.  However, EPA then stated that it "is not yet prepared to propose designation action in Texas and is therefore currently deferring action to designate areas in Texas."  Exhibit I at 1.

34. On August 5, 2013, EPA published in the Federal Register air quality designations of nonattainment for only 29 areas in 16 States for the 2010 primary $SO_2$ NAAQS. Air Quality Designations for the Revised $SO_2$ NAAQS, 78 Fed. Reg. 47,191, 47,193 (August 5, 2013) (to be codified at 40 C.F.R. pt. 81). None of the areas designated by EPA as nonattainment are located in North Dakota, South Dakota, Nevada or Texas. In its rule, EPA expressly stated that it was "not yet prepared" to issue designations for any other areas in the nation and that it intended to address such designations in separate future actions. 78 Fed. Reg. at 47,191.

35. In short, contrary to the express requirements of the Clean Air Act, the Administrator failed by June 2 or 3, 2013 – and through the date of this filing – to promulgate designations pursuant to  42 U.S.C. § 7407(d)(1)(B), and to publish such designations in the Federal Register, as required by 42 U.S.C. § 7407(d)(2). EPA promulgated no designations for areas contained within the States of North Dakota, South Dakota, Nevada and Texas.  EPA's promulgated designations for a handful of other areas – only 29 areas in 16 States – does not cure its failure to meet its nondiscretionary duty to promulgate designations for all areas in the United States by June 3, 2013. 42 U.S.C. §§ 7407(d)(1)(B) and (d)(2).

### CLAIM FOR RELIEF

36. Plaintiffs incorporate all preceding allegations.

37. The Administrator had a nondiscretionary duty to promulgate and publish notice in the Federal Register promulgating final designations of all areas in each State, including North Dakota, South Dakota, Nevada and Texas, for the $SO_2$ NAAQS no later than three years from promulgation of the revised $SO_2$ NAAQS. 42 U.S.C. §§ 7407(d)(1)(B), 7407(d)(2).

38. The Administrator failed to promulgate or publish notice in the Federal Register promulgating final designations for all areas in each State for the revised $SO_2$ NAAQS within three years of promulgation of that NAAQS.

39. The Administrator's failure to promulgate or publish notice in the Federal Register promulgating final designations for all areas in the States of North Dakota, South Dakota, Nevada and Texas for the revised $SO_2$ NAAQS continues as of the date of this Complaint.

40. For all of the foregoing reasons, the Administrator has failed to perform acts and duties that are "not discretionary with the Administrator" within the meaning of the CAA's citizen suit provision. 42 U.S.C. § 7604(a). EPA's violations are ongoing and will continue unless remedied by this Court.

41. As such, an order from this Court is warranted declaring that the Administrator has failed to perform her duties under 42 U.S.C. §§ 7407(d)(1)(B), 7407(d)(2) for the States of North Dakota, South Dakota, Nevada and Texas and directing her to perform such acts and duties forthwith.

## REQUEST FOR RELIEF

WHEREFORE, the States of North Dakota, South Dakota, Nevada and Texas respectfully request that the Court:

1. Declare that EPA is in violation of the Clean Air Act with regard to its failure to timely perform each mandatory duty listed above;

2. Issue a mandatory injunction requiring EPA to perform its mandatory duties by a date certain forthwith;

3. Retain jurisdiction of this matter for purposes of enforcing the Court's order;

4. Grant North Dakota, South Dakota, Nevada and Texas, their reasonable cost of litigation, including attorneys' and expert witness fees; and

5. Grant such relief as the Court deems proper.

Dated this 11th day of September, 2013.

    Respectfully submitted,

**STATE OF NORTH DAKOTA**
**WAYNE STENEHJEM**
**ATTORNEY GENERAL**

 /s/ Paul M. Seby
Paul M. Seby
Special Assistant Attorney General
Marian C. Larsen
Special Assistant Attorney General
Seby Larsen LLP
165 Madison Street
Denver, CO 80206
Telephone:  (303) 248-3772
Email: paul.seby@sebylarsen.com
Email: mimi.larsen@sebylarsen.com

Margaret I. Olson
Assistant Attorney General
ND State Bar ID No.06352
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone:   (701) 328-3640
Email: maiolson@nd.gov

Attorneys for Plaintiff the State of North Dakota.

**STATE OF SOUTH DAKOTA**
**MARTY J. JACKLEY**
**ATTORNEY GENERAL**

 /s/ Charles McGuigan
Charles McGuigan
Chief Deputy Attorney General
Attorney General's Office
1302 E. Highway 14, Suite 1
Pierre, SD  57501
Telephone:  605-773-3215
Email: Charles.McGuigan@state.sd.us

Attorneys for Plaintiff the State of South Dakota.

**STATE OF NEVADA
CATHERINE CORTEZ MASTO
ATTORNEY GENERAL**

  /s/ Belinda A. Suwe
Belinda A. Suwe*
Nevada State Bar No. 12499
Deputy Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone:  (775) 720-8319
Email: bsuwe@ag.nv.gov

Attorneys for Plaintiff the State of Nevada, Department of Conservation and Natural Resources, Division of Environmental Protection.

**STATE OF TEXAS
GREG ABBOTT
ATTORNEY GENERAL**

DANIEL T. HODGE
First Assistant Attorney General

JOHN B. SCOTT
Deputy Attorney General for Civil Litigation

JON NIERMANN
Assistant Attorney General
Chief, Environmental Protection Division

  /s/ Nancy Elizabeth Olinger
Nancy Elizabeth Olinger*
Assistant Attorney General
Texas State Bar No. 15254230
Mark L. Walters*
Assistant Attorney General
Texas State Bar No. 00788611
Environmental Protection Division (MC-066)
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2012
Fax: (512) 320-0911
Email:nancy.olinger@texasattorneygeneral.gov
Email: mark.walters@texasattorneygeneral.gov

Attorneys for Plaintiff the State of Texas & the Texas Commission on Environmental Quality.

*Applications for Admission to the District of North Dakota or *pro hac vice* motions to be filed.

13